UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREIBY JANAKY MEDINA,

                    Plaintiff,

                -v.-

HUNTER COLLEGE OF THE CITY
UNIVERSITY OF NEW YORK et al.,

                    Defendants.

25 Civ. 04275 (JHR) (JW)

ORDER ADOPTING REPORT
AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

On January 27, 2025, Plaintiff Greiby Janaky Medina filed this action against Defendants Hunter College of the City University of New York ("CUNY"), Nicholas De Carlo, Max West, Lisa Ader, Staci Ortiz, Stephanie David, Rob Lorey, Joseph D. Foelsch, Dr. Robyn Brown Manning, John Rose, Colleen Berry, and Agnes Halarewicz for discrimination, harassment, and a hostile work environment in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. (the "ADA"), Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*. ("Title IX"), and New York state law.[1] ECF No. 1. Before the Court is the Report and Recommendation of Magistrate Judge Jennifer Willis recommending that the Court grant in part and deny in part CUNY's motion to dismiss, ECF No. 17. *See* ECF No. 38 (Rep.) at 22. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Willis's recommendation.

---

[1] Of the Defendants, only CUNY has been served with process. *See* Rep. at 2 ("While the complaint names eleven other Defendants, only CUNY has been served with the complaint.").

**BACKGROUND**[2]

CUNY removed this action from New York State Supreme Court, New York County, to this Court on May 21, 2025.  *See* ECF No. 1.  The case was referred to Judge Willis for general pretrial supervision and reports and recommendations on dispositive motions.  *See* ECF No. 4.  CUNY moved to dismiss on June 13, 2025.  *See* ECF No. 17.  Plaintiff opposed the motion on August 28, 2025, *see* ECF No. 31, and CUNY replied on October 23, 2025, *see* ECF No. 36.

On February 11, 2026, Judge Willis issued a twenty-two-page Report and Recommendation recommending that the Court deny CUNY's motion to dismiss Plaintiff's ADA discrimination and Title IX retaliation claims and grant CUNY's motion as to all other causes of action.  *See* Rep. at 22.  The Report and Recommendation alerted the parties that they had "fourteen days from service of th[e] Report to file written objections."  *Id*.  The Report and Recommendation also cautioned that "[f]ailure to file objections within fourteen days w[ould] result in a waiver of objections and w[ould] preclude appellate review."  *Id*.  Accordingly, any objections to the Report and Recommendation were due by February 25, 2026.  The parties did not file any objections by that date or at any time thereafter, nor have they requested an extension of the time to object.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10,

---

[2] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed.  *See* Rep. at 2-5.

2025).  With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023).  A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'"  *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *2 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding a direct warning that "[f]ailure to file objections within fourteen days w[ould] result in a waiver of objections and w[ould] preclude appellate review," Rep. at 22, neither party filed any objections to the Report and Recommendation.  Thus, both parties have waived the right to judicial review.  *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").  The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.  The Report and Recommendation is "well-reasoned and grounded in fact and law."  *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

## CONCLUSION

Accordingly, the Court adopts the Report and Recommendation in its entirety and, for the reasons set forth therein, dismisses Plaintiff's ADA retaliation and Title IX hostile educational environment claims, state tort claims (negligent hiring and negligent supervision, negligent infliction of emotional distress, and breach of fiduciary duty), and New York State Human

3

Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") claims.  *See* Rep. at 12 (ADA retaliation claim), 18 (Title IX hostile educational environment claim), 19 (state tort claims), and 21 (NYSHRL and NYCHRL claims).  CUNY's motion to dismiss is denied with respect to Plaintiff's ADA discrimination and Title IX retaliation claims.  *See id*. at 22.

Plaintiff is granted leave to amend the complaint "to allege additional facts or cure flaws in the complaint" regarding her ADA retaliation and Title IX hostile educational environment claims.  *Id*.  Plaintiff shall file any amended complaint by **June 2, 2026**.

The Clerk of Court is directed to terminate ECF No. 17.

SO ORDERED.

Dated:  May 12, 2026
        New York, New York

_____
JENNIFER H. REARDEN
United States District Judge